# United States District Court
## for the
## District of Alaska

**FILED**
SEP 2 0 2004
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

### Petition for Warrant or Summons for Offender Under Supervised Release

| | |
|---|---|
| Name of Offender: Derek Haggen | Case Number: A00-0044-01CR (JWS) |

Sentencing Judicial Officer:   John W. Sedwick, Chief U.S. District Court Judge
Ralph R. Beistline, U.S. District Court Judge

Date of Original Sentence:   February 13, 2001; November 26, 2003 (disposition)

Original Offense:   False Statement to Acquire Firearm

Original Sentence:   36 months, three years supervised release; revocation judgment added an additional four months imprisonment and two years supervised release

Date Supervision Commenced:   May 23, 2004, and revoked November 26, 2003; March 5, 2004

Asst. U.S. Attorney: Tom Bradley                 Defense Attorney: Mary Geddes, Federal Public Defenders; M.J. Haden, Federal Public Defender

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that on or about August 9 and August 17, 2004, at or near Fairbanks, Alaska, the defendant failed to submit to drug testing as directed at the Ralph Perdue Center. This violation is a Grade C violation. |
| 2 | The defendant has violated the Special Condition of Supervision "The defendant shall comply with mental health treatment as ordered by the Court," in that on or about August 10 and August 23, 2004, at or near Fairbanks, Alaska, the defendant failed to participate in mental health treatment as directed. This violation is a Grade C violation. |

| | |
|---|---|
| 3 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on or about August 13, 2004, the defendant failed to notify the U.S. Probation Officer of a change in employment. This violation is a Grade C violation. |
| 4 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about August 20, 2004, at or near Fairbanks, Alaska, the defendant submitted a urine specimen which tested positive for the presence of marijuana. This violation is a Grade C violation. |
| 5 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on or about August 26, 2004, at or near Fairbanks, Alaska, the defendant failed to notify the U.S.Probation Officer of a change in residence. This violation is a Grade C violation. |
| 6 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that between September 1 and September 5, 2004, at or near Fairbanks, the defendant failed to report as directed for the month of August. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Respectfully submitted,

*signature: Toni M. Ostanik*

Toni M. Ostanik
U.S. Probation/Pretrial Services Officer
Date: September 10, 2004

Approved by:

*signature: Eric D. Odegard*

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X] *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[ ]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

A00-0044--CR (JWS)
---------------------------
-M. ROSENBAUM (US ATTY)
-US MARSHAL
-US PROBATION
-JUDGE SEDWICK
-MJ Branson

08/20/04

**REDACTED SIGNATURE**

Ralph R. Beistline
U.S. District Court Judge

September 13, 2004
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(i), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
## DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case Number: A00-0044-CR (JWS) |
| ) | |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| ) | |
| Derek Haggen ) | |

I, Toni M. Ostanik, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Derek Haggen, and in that capacity declare as follows:

On February 13, 2001, the defendant was sentenced by the Honorable John W. Sedwick, Chief U.S. District Court Judge, for his conviction of False Statement to Acquire a Firearm in violation of 18 U.S.C. § 922(a)(6). The defendant was sentenced to 36 months imprisonment and placed on a term of supervised release for three years following the defendant's release from imprisonment. Conditions of supervised release included thirteen standard conditions, and four special conditions to include substance abuse counseling and/or testing, mental health treatment, warrantless search and not to possess any firearms or weapons.

On May 23, 2003, the defendant was released from the Federal Bureau of Prisons and conditions of supervised release were read and explained to the defendant by this officer.

On October 30, 2003, a petition to revoke probation was filed with the U.S. District Court, at which time a warrant was issued for the arrest of the defendant.

On November 26, 2003, the defendant appeared before the Honorable Ralph R. Beistline, U.S. District Court Judge, at which time the defendant's supervised release was revoked and the Court imposed four months imprisonment and placed on a term of supervised release for two years following the defendant's release from imprisonment. The Court additionally modified the original judgment to reflect the defendant serving a four month period at a community correctional center during the defendant's term of supervised release.

On March 8, 2004, the defendant was released from the Federal Bureau of Prisons and on March 10, 2004, the defendant entered the North Star Community Correctional Center.

On July 5, 2004, this officer met with the defendant at North Star Center, at which time conditions of supervised release were reviewed and explained to the defendant. Additionally,

the defendant was instructed to submit urine specimens at the Ralph Perdue Center, as directed. Furthermore, the defendant was instructed to begin participating in mental health treatment with Dr. Bottrell.

On July 6, 2004, the defendant was released from North Star Center after serving the Court ordered four month period. The defendant was placed on random urinalysis monitoring, four times per month.

On August 9 and August 17, 2004, the defendant failed to report to the Ralph Perdue Center to submit urinalysis' as previously instructed.

On August 10 and August 23, 2004, the defendant failed to participate in mental health treatment as directed.

On August 19, 2004, the defendant telephonically contacted this officer and advised that the defendant had missed two scheduled urinalysis' and was no longer was employed. The defendant was directed to report to the U.S. Probation Office on August 20, 2004.

On August 20, 2004, the defendant contacted the U.S. Probation Officer and advised that the defendant had no way of reporting as directed and could not get into town. This officer then contacted the defendant, in person, at his reported residence. The defendant confirmed to this officer that the defendant was no longer employed and his last day of employment was August 13, 2004. The defendant was directed to submit a urinalysis that day at the Ralph Perdue Center. Later this same day, the defendant submitted a urine specimen (#A00105338), which was tested and results confirmed by Quest Diagnostics, for the presence of marijuana. Quest Diagnostics submitted a laboratory report which showed quantitative results for marijuana metabolite from the urine specimen (#A00105338) at 41 ng/mL.

On August 30, 2004, this officer and U.S. probation Officer Pentangelo attempted to contact the defendant at his reported residence. Both officers contacted one of the defendant's roommates, Brian Sparry, who stated that the defendant had "split" and that the defendant took Brian Sparry's dog. Brian Sparry stated he had not seen the defendant since the previous Thursday (August 26, 2004) and stated he didn't think the defendant was coming back. This officer inquired if Brian Sparry had an idea of where defendant may have gone and he stated that there was some talk of defendant traveling to Kenai, but not sure. The whereabouts of the defendant are unknown.

On September 9, 2004, this officer received a telephone call from Pastor Brian McDonald, who was calling on behalf of the defendant. Pastor McDonald advised this officer that the defendant was in his presence and reporting to be suicidal, and the defendant had nothing left to his name. This officer advised Pastor McDonald that if the defendant is reporting being suicidal, the defendant should admit himself to the hospital. The defendant then got on the phone with this officer and stated that he doesn't want to get in trouble, but that nothing is working out right and the defendant no longer has his truck. This officer advised defendant that if he had thoughts of suicide to admit himself to the hospital. This officer inquired as to

where the defendant was calling from and the defendant stated "he couldn't tell me that". The defendant handed the phone back over to Pastor McDonald, and this officer inquired with Pastor McDonald, where he currently serves as pastor. Mr. McDonald stated "I gave my word to Derek that I would not give out that information." The whereabouts of the defendant are still unknown at this time.

Between September 1 and September 5, 2004, the defendant failed to submit a monthly supervision report as directed.

Executed this 10th day of September, 2004, at Fairbanks, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Toni M. Ostanik
U.S. Probation Officer