IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                          Magistrate Case No.06-0072REL-01

DEREK HAGGEN,

                Defendant.

## WAIVER OF REMOVAL HEARING

I, DEREK HAGGEN, the above-named defendant, charged in a Supervised Release Violation pending in the District of Alaska, Case Number A00-0044-01-CR(JWS), with violation of Special Conditions; Condition #6, Mandatory Condition, and Condition #2, in that it is charged that I committed the following:

> See attached Petition for Warrant or Summons for Offender Under Supervised Release filed on September 20, 2004 in the District of Alaska, U.S. District Court

have appeared before ROBERT E. LARSEN, U.S. Magistrate Judge for the Western District of Missouri, who has fully informed me:

1.      Of the charges in the Supervised Release Violation filed against me;

2.      That I am not required to make a statement and that any statement I do make can be used against me;

3.      Of my right to retain counsel and to request assignment of counsel if I am unable to retain counsel;

4.      Of the conditions under which I may secure release from custody and of my right to a detention hearing, if bail is not set, to introduce evidence that I am not a flight risk or a danger to the community;

5.      Of my right to have a removal hearing within the time prescribed by 18 U.S.C. 3060(b), at which I cannot be compelled to testify and am entitled to be represented by counsel and to cross-examine witnesses against me and introduce evidence in my own behalf; and

6.      Of my right to waive removal hearing.

#6
5-19-06



I understand that the removal hearing to which I am entitled would be a public hearing at which I would be present with my attorney but could not be compelled to testify. I also understand that the prosecution would have to confront me with the witnesses relied upon to establish probable cause that the offense(s) charged had been committed and that I committed it and that I would have a right to cross-examine these witnesses and would be entitled to compulsory process to call witnesses in my own behalf. I also understand that if the United States Magistrate Judge determines from the evidence that it was not established that I am the person named as defendant in the Supervised Release Violation, the Judge would recommend to a Judge of the United States District Court for the Western District of Missouri that an order be entered discharging me.

I was not physically abused or in any way mistreated by any agent or any employee of the United States (1) during the investigation of the offense charged in the Supervised Release Violation, (2) at the time I was arrested, or (3) while I have been in custody on the offense charged in the Supervised Release Violation

I have completed $2yrs\ of\ College$ And can read, write and understand the English language. I have read and understand the contents of this written waiver, and I know that I do not have to sign it. However, after having been given a reasonable time and opportunity to consult with my attorney, I do HEREBY INTENTIONALLY, KNOWINGLY AND VOLUNTARILY WAIVE MY RIGHT TO A REMOVAL HEARING IN THIS CASE and consent to the issuance of a warrant for my removal to the District of Alaska, where the aforesaid charge is pending against me.

I DO FURTHER HEREBY WAIVE presentment of a certified copy of the Supervised Release Violation in this case in which I am named as a defendant.

No threats or promises have been made to me by anyone to induce me to waive removal hearing and to consent to a issuance of warrant of removal.

Executed this 19th day of May, 2006, at Kansas City, Missouri.

_____
Defendant

_____
Attorney for Defendant

Approved:

_____
ROBERT E. LARSEN
U.S. Magistrate Judge

MAY-16-2006 TUE 10:42 AM US PROBATION FAIRBANKS          FAX NO. 9074560293          P. 06
Case 3:00-cr-00044-JWS     Document 45-2     Filed 05/30/2006     Page 3 of 35

06-0072REL-01

Case 3:00-cr-00044-JWS-JDR     Document 44     Filed 05/16/2006     Page 1 of 6

PROB 12C
(7/93)

# United States District Court

### for the

## District of Alaska

**FILED**

SEP 2 0 2004

UNITED STATES DISTRICT COURT.
DISTRICT OF ALASKA

Deputy

### Petition for Warrant or Summons for Offender Under Supervised Release

| | |
|---|---|
| Name of Offender: Derek Haggen | Case Number: A00-0044-01CR (JWS) |

Sentencing Judicial Officer:     John W. Sedwick, Chief U.S. District Court Judge
Ralph R. Boistline, U.S. District Court Judge

Date of Original Sentence:     February 13, 2001; November 26, 2003 (disposition)

Original Offense:     False Statement to Acquire Firearm

Original Sentence:     36 months, three years supervised release; revocation judgment added an additional four months imprisonment and two years supervised release

Date Supervision Commenced:     May 23, 2004, and revoked November 26, 2003; March 5, 2004

Asst. U.S. Attorney: Tom Bradley     Defense Attorney: Mary Geddes, Federal Public Defenders; M.J. Haden, Federal Public Defender

---

### PETITIONING THE COURT

[X]     To issue a warrant
[ ]     To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that on or about August 9 and August 17, 2004, at or near Fairbanks, Alaska, the defendant failed to submit to drug testing as directed at the Ralph Perdue Center. This violation is a Grade C violation. |
| 2 | The defendant has violated the Special Condition of Supervision "The defendant shall comply with mental health treatment as ordered by the Court," in that on or about August 10 and August 23, 2004, at or near Fairbanks, Alaska, the defendant failed to participate in mental health treatment as directed. This violation is a Grade C violation. |

42

*Petition for Warrant*
*Derek Haggen*
*A00-0044-01CR (JWS)*

3  The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on or about August 13, 2004, the defendant failed to notify the U.S. Probation Officer of a change in employment. This violation is a Grade C violation.

4  The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about August 20, 2004, at or near Fairbanks, Alaska, the defendant submitted a urine specimen which tested positive for the presence of marijuana. This violation is a Grade C violation.

5  The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on or about August 26, 2004, at or near Fairbanks, Alaska, the defendant failed to notify the U.S.Probation Officer of a change in residence. This violation is a Grade C violation.

6  The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that between September 1 and September 5, 2004, at or near Fairbanks, the defendant failed to report as directed for the month of August. This violation is a Grade C violation.

**U.S. Probation Officer Recommendation:**

The term of supervised release should be:

  [X] Revoked
  [ ] Extended for _____ year(s), for a total term of _____ years.

[ ] The conditions of supervised release should be modified as follows:

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA

v.                                    Case No.   06-0072REL-01

DEREK HAGGEN

---

AUSA: W. Brent Powell
Defense Atty.: Ronna Holloman-Hughes

| JUDGE | **Robert E. Larsen** United States Magistrate Judge | DATE AND TIME | **May 19, 2006** 9:30 to 9:45 am |
|---|---|---|---|
| DEPUTY CLERK | Bonnie J. Rowland | TAPE/REPORTER | #2 wk of 5-15-06 bjr |
| INTERPRETER | None | PRETRIAL/PROB: | Chi P. King |

## CLERK'S MINUTES

### RULE 5 REMOVAL HEARING

DISTRICT OF ALASKA CASE NUMBER A00-0044-01-CR(JWS)

REMOVAL HEARING:

( X )   Defendant waived removal hearing.

( X )   Defendant held to answer in U.S. District Court.

( X )   Defendant committed to custody of U.S. Marshal for removal to the District of Alaska. Written order to be issued.

#5
5-19-06

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA

        Plaintiff,

-vs-                                        Case No. 06-0072REL-01

DEREK HAGGEN,

        Defendant.

ORDER APPOINTING
FEDERAL PUBLIC DEFENDER

The above-named defendant, having appeared before the Court on May 16, 2006 and having testified under oath and made an affidavit as to his/her financial ability to employ counsel, the Court finds that the defendant is financially unable to obtain counsel and defendant not having waived counsel, it is

ORDERED that Raymond C. Conrad, Jr., Federal Public Defender, and David L. Owen, Jr., Larry Pace, Laine T. Cardarella, Anita Burns, Steve Moss, Travis Poindexter and Robert Kuchar, Assistant Federal Public Defenders, Scarritt Building, Suite 300, 818 Grand Avenue, Kansas City, Missouri 64106, telephone number (816) 471-8282; Nancy R. Price, David R. Mercer, Ann Koszuth and Michelle Nahon, Assistant Federal Public Defenders, 901 St. Louis Street, Suite 801, Springfield, Missouri 65806, telephone number (417) 873-9022 and Troy Stabenow, Assistant Federal Public Defender, 221 Bolivar Street, Suite 104, Jefferson City, MO 65101, telephone number (573) 636-8747, be, and they are hereby, appointed to represent the defendant before the Court and in all proceedings thereafter unless and until relieved by order of the United States District Court for the Western District of Missouri.

                                   /s/ Robert E. Larsen
                                   ROBERT E. LARSEN
                                   UNITED STATES MAGISTRATE JUDGE

Kansas City, Missouri
May 16, 2006



IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

**UNITED STATES OF AMERICA,**

Plaintiff,

-vs-                                    Case No.  06-00721REL-01

**DEREK HAGGEN,**

Defendant.

### AFFIDAVIT OF FINANCIAL STATUS

The defendant, who is charged with a **felony**, appeared before Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri, and having been sworn to testify truthfully as to his/her financial ability to retain counsel, testified as follows:

Is defendant employed?              ( ) Yes          (✗) No

If yes, state weekly wages:    $_____ N/A _____

If self-employed, state average weekly income: $_____ N/A _____

Cash on hand and in banks:  $__ 29.00 _____

Number of dependents:____ 2 children _____

Property owned: _____ None _____.

I certify the above to be correct

_____
DEFENDANT

Sworn to before me this __16th__ day of May, 2006 at Kansas City, Missouri.

_____
ROBERT E. LARSEN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA

v.                                              Case No.   06-0072REL-01

DEREK HAGGEN

_____

AUSA: W. Brent Powell
Defense Atty.:

| JUDGE | **Robert E. Larsen**<br>United States Magistrate<br>Judge | DATE AND TIME | **May 16, 2006**<br>3:00-3:10 P.M. |
|---|---|---|---|
| DEPUTY CLERK | Dorothy Myers | TAPE/REPORTER | #1, DM |
| INTERPRETER | None | PRETRIAL/PROB: | Chi P. King |

## CLERK'S MINUTES

### INITIAL APPEARANCE - RULE 5

CHARGE PENDING IN Alaska

CASE NUMBER IN OTHER DISTRICT:   A00-0044-01CR(JWS)

( x )   Custody assumed:

Date:  5/16/06

Place:  Kansas City, Missouri

Defendant advised:
1.   Of the charge;
2.   That he is not required to make any statement and that any statement made by him may be used against him in Court;
3.   Of his right to retain counsel and to request assignment of counsel if unable to obtain counsel;
4.   Of his right to removal hearing (including nature and scope) and of his right to waive same;
5.   Of his right to request the charge be transferred to this district for a plea of guilty pursuant to Rule 20; and
6.   Of his right to bail or, if no bail is set, to a detention hearing to determine if he is a flight risk or a danger to persons or the community.

( x )   Removal hearing set for Friday, May 19, 2006 at 9:30 a.m.

## BAIL

( )  Bail set:

( x )  Bail not set; motion for detention hearing and for continuance of hearing filed by Government.

( x )  Motion for pretrial detention hearing granted; defendant temporarily detained pending detention hearing set for Friday, May 19, 2006 at 9:30 a.m.


## COUNSEL

( x )  On 5/16/06, defendant sworn and examined as to his financial ability to employ counsel. Information recorded on Affidavit of Financial Status.

   ( x )  Federal Public Defender
   ( )  CJA counsel appointed:

   ( )  Defendant states he will retain counsel.

G. DROE / SPECIAL REPORTS. HAGGEN 2 spa

PSSS
(10/88)

06-00 72REL-01

# SPECIAL REPORT TO THE COURT

| District/Office<br>District of Alaska, Fairbanks | Charge(s) (Title, Section, and Description) |
|---|---|
| Judicial Officer<br>The Honorable ,<br>U.S. Magistrate Court Judge | Original Conviction: False Statement to Acquire A<br>Firearm in violation of 18 U.S.C. § 922(a)(6) |
| Docket Number (Year-Sequence No.-Deft. No.)<br>A00-0044-CR (JWS) | Supervision Violations:<br>Violation 1: Failing to Submit to drug testing as directed on August 9 and 17, 2004.<br>Violation 2: Failing to participate in mental health treatment as directed on August 10 and 23, 2004.<br>Violation 3: Failed to notify officer prior to residence change.<br>Violation 4: Submitted a urine specimen which tested positive for marijuana.<br>Violation 5: Failed to notify the officer prior to change in employment.<br>Violation 6: Failed to report as directed. |

## OFFENDER INFORMATION

| Name<br>Derek S. Haggen | | Employer/School<br>Unknown | |
|---|---|---|---|
| Address-Last Known<br>295 Bote Lane<br>Fairbanks, Alaska | | Employer Address<br>Unknown | |
| Time at Address<br>Approximately one and a half months | Time in Community<br>Approximately five months | Monthly Income<br>Unknown | Time in Empl/School<br>Unknown |

## OFFENDER HISTORY

1. **NATURE OF VIOLATION AND CONTENTS OF PETITION(S):** It is alleged in the six-count Petition for warrant for offender on Supervised Release, that on or about August 9 and 17, 2004, the defendant failed to submit to drug testing as directed. Noted in violation two, it is alleged that on or about August 10 and 23, 2004, the defendant failed to participate in mental health treatment as directed. Violation three alleges that on or about August 13, 2004, the defendant failed to notify the U.S. Probation Officer of a change in employment. Violation four alleges that on or about August 20, 2004, at or near Fairbanks, Alaska, the defendant submitted a urine specimen which tested positive for the presence of marijuana. Noted in violation five, on or about August 26, 2004, at or near Fairbanks, Alaska, the defendant failed to notify the U.S. Probation officer of a change in residence. Lastly, in violation six, between September 1 and 5, 2004, at or near Fairbanks, Alaska, the defendant failed to report as directed.

**ARREST CONDUCT/CURRENT CUSTODIAL STATUS:**

**ORIGINAL CONVICTION AND SENTENCE:** On February 13, 2001, the defendant was sentenced by the Honorable John W. Sedwick, Chief U.S. District Court Judge, for his conviction of False

5/16/06

PS3S - PAGE 2
Derek S. Haggen

Statement to Acquire A Firearm in violation of 18 U.S.C. § 922(a)(6). The defendant was sentenced to 36 months imprisonment and upon release from imprisonment, placed on a three-year term of supervised release. Included in the defendant conditions of supervision are a requirement for the defendant to submit to drug testing and/or substance abuse counseling, and to participate and fully comply with mental health treatment program.

**ADJUSTMENT TO SUPERVISION:** On May 23, 2003, the defendant was released from the Federal Bureau of Prisons and conditions of supervised release were read and explained to the defendant.

On October 30, 2003, a petition to revoke supervised release was filed with the U.S. District Court, at which time a warrant was issued for the arrest of the defendant.

On November 26, 2003, the defendant appeared before the Honorable Ralph R. Beistline, U.S. District Court Judge, and the defendant's supervised release was revoked. The Court imposed four months imprisonment, and placed the defendant on a two year term of supervised release following his release from imprisonment. Additionally, the Court added a condition that during the defendants period of supervised release, he serve four months at a community correctional center.

On March 8, 2004, the defendant was released from the Federal Bureau of Prisons and on March 10, 2004, the defendant was admitted to the North Star community correctional center.

On July 6, 2004, the defendant was released from North Star Center and was residing in the community. It is alleged in the petition that beginning in August, 2004, the defendant failed to participate in mental health treatment, drug testing, advise the U.S. Probation Officer of a change in employment and residence. Furthermore, the defendant failed to report as directed between September 1 through September 5, 2004.

Within a very short time frame from his release from the North Star Center, the defendant began failing to comply with conditions of release. Additionally, this is the defendants second time before the Court pending supervised release violations.

**PENDING CRIMINAL CHARGES:** The Honorable Trevor N. Stephens, Judge, for the State of Alaska, signed an arrest warrant for the arrest of the defendant. The defendant is to be brought before the court in Ketchikan, Alaska, to answer the allegations of Issuing a Bad Check in violation of Alaska Statute 11.46.280(a). It is alleged that the defendant issued 25 checks, totaling $4,103.85, on a Mt. McKinley Bank account, which is a felony offense (1KE-S04-1146CR).

On November 26, 2004, the defendant was indicted on the sole count of Issuing a Bad Check, in violation of Alaska Statute 11.46.280 (IKE-S04-1146CR).

2.   **OFFENDER HISTORY/RESIDENCE/FAMILY TIES:** Noted in the presentence report prepared on January 30, 2001, by U.S. Probation Officer Karen Brewer, the defendant reported that his mother and stepfather reside in Laurie, Missouri. Additionally, the defendant reported having two children from a marriage to Arleana Haggen, who resided in Montreal, Missouri at the time of the original presentence report.

PS3S - PAGE 3
Derek S. Haggen

On September 9, 2004, during a telephonic conversation between the defendant and this officer, the defendant stated that he just wanted to go home to Missouri.

3.    **EMPLOYMENT HISTORY/FINANCIAL RESOURCES:** During a two month period of time the defendant served at North Star Center, the defendant maintained employment. Upon the defendants release from North Star Center, the defendant obtained employment for approximately a two week period, and has not obtained any other employment. Current employment is unknown at this time.

4.    **PHYSICAL HEALTH:** This officer has no information to indicate that the defendant's physical health is anything other than good.

5.    **MENTAL HEALTH:** The defendant obtained a mental health evaluation from Dr. Bottrell on June 3, 2003. Dr. Bottrell diagnosed the defendant as having Adjustment Disorder with Anxious Mood and Anti-social Personality Disorder. Dr. Bottrell recommended that the defendant participate in mental health treatment, "once every two weeks for four months, and decreasing the frequency of appointments slowly should progress occur." The defendant failed to participate in mental health treatment as directed and due to failure to participate in treatment, the defendants supervised release was revoked on November 26, 2003.

On March 20, 2004, the defendant obtained a new mental health evaluation from Dr. Bottrell. Dr. Bottrell diagnosed the defendant as having Anti-social Personality Disorder and problems with social environment, occupational, economic, and the Legal System. It is alleged in the petition that the defendant failed to participate in mental health treatment.

On September 9, 2004, this officer received a telephone call from the defendant. The defendant advised this officer that he was suicidal. This officer instructed the defendant to admit himself into the hospital so that he may receive help. This officer has received no information that indicates the defendant admitted himself to the hospital.

6.    **SUBSTANCE ABUSE HISTORY:** During the period of the defendants supervised release that ran in 2003, the defendant failed to comply with drug testing on numerous occasions, and submitted two urine specimens which tested positive for the presence of marijuana. The defendant obtained a substance abuse evaluation from Mr. William Watson of the Ralph Perdue Center. The defendant was recommended to participate in Level 1.0 Outpatient Substance Abuse Treatment. The defendant failed to participate in any outpatient substance abuse treatment as directed. Subsequently, the defendants supervised release was revoked on November 26, 2003.

Between July 6 and August 20, 2004, the defendant was placed on random urinalysis monitoring, four times per month. Out of six possible dates to submit, the defendant failed to report as directed on two occasions and submitted a positive urinalysis on separate occasion. It appears to be a continuing pattern displayed by the defendant of failing to comply with drug testing and smoking marijuana.

7.    **PRIOR RECORD:** The following criminal history was noted in the presentence report prepared on January 30, 2003, by United States Probation Officer Karen Brewer.

| Date of Arrest | Charge / Agency | Date Sentence Imposed / Disposition |
|---|---|---|

PS3S - PAGE 4
Derek S. Haggen

| 04/23/86 | Burglary, 2nd Degree (Felony)/Seattle, Washington | 03/17/87: 90 days jail, 12 months probation, $193.75 restitution. |

The defendant was represented by counsel. According to court documents, on January 25, 1986, the victim returned to his residence in Kent, Washington, to discover that his home had been burglarized and that several pieces of electronic equipment, personal items, and the keys to his vehicle were missing. As the King County Police were leaving the victim's residence, they saw a car parked near the victim's home, and saw a man, later identified as Haggen, attempting to pick

| 06/16/86 | Burglary (misdemeanor)/San Diego Superior Court, California | 07/02/86: 30 days custody, three years probation. |

The court docket indicates the defendant was represented by counsel and that Haggen was originally charged with a felony. Due to the age of the case, arrest records were no longer available; however, according to a presentence report from Colorado, there were originally two counts involved, and the offense involved the defendant entering a locked vehicle with the intent to commit theft.

| 07/25/87 | Theft (Class B Felony)/Swanzey, New Hampshire | 06/17/88: one year probation, mental health counseling, costs and restitution. 11/15/88: Warrant issued based on probation violations and having absconded from probation. |

According to a Colorado presentence report, this case involved the defendant stealing "from another" $650 in cash, jewerly, radios, clothing, and other property.

| 10/27/87 | Counts 1 - 7, Burglary (felonies)/Grand Rapids, Minnesota | 11/12/87: Count 1, 15 months jail, five years probation, nine months conditional confinement; Count 2, 18 months jail, five years probation; Count 5, 21 months jail, five years probation; Counts 3, 4, 6, and 7 dismissed. Jail and probation terms concurrent. |

The defendant was represented by the Public Defender Agency. According to the Complaint, Haggen entered and stole items from the residences of Pat Collins, Jerry VanEpps (twice), Sandra Dickoff, and Gretchen Murphy (three times). The complaint also indicates that on the last four burglaries Haggen was accompanied and assisted by at least one juvenile.

| 04/08/89 | Theft (Class 3 misdemeanor)/Grand County Court, Hot Sulpher Springs, Colorado | 05/16/89: plead guilty, deferred sentence one year, 40 hours community work service, $56 court costs. 06/12/90: case dismissed. |

According to Court records, the defendant was arrested after having stolen a cassette tape from a shop in Granby, Colorado.

P83S - PAGE 5
Derek S. Haggen

| 05/25/89 | Burglary (Class 4 Felony)/Grand County District Court, Hot Sulpher Springs, Colorado | 03/20/90: 7 years jail, $500 restitution, $100 Victims Compensation Fund, $30 Court costs. 07/01/92: Released to a detainer from California |

The defendant was represented by the Public Defender. According to court records, the defendant served from May 25, 1989, through July 1, 1992, at which time he was released to a detainer from California and he was never placed under parole with Colorado. Records from the Colorado Department of Corrections also indicate that while incarcerated, the defendant had infractions for Theft Under $50, Tampering with Locks or Security, and Unauthorized Possession, as well as a stabbing incident.

| 10/16/89 | Assault, 3rd Degree (misdemeanor)/Grand County Jail, Hot Sulpher Springs, Colorado | 12/05/89: 30 days jail sentence concurrent with sentence imposed on 03/22/90. |

The defendant was represented by the Public Defender. According to court records, while incarcerated at the Grand County jail, Haggen got into a fight with another inmate and stabbed the other inmate with an ink pen.

| 09/13/91 | Residential Burglary in the 1st Degree (Felony)/ Los Angeles Superior Court, California | 10/10/91: Two years jail concurrent to Colorado sentence, $200 restitution. 08/17/92: Released on parole. 10/20/92: Parole suspended, defendant absconded. 07/21/98: Arrested. 01/04/99: Parole revocation, 180 days jail. 01/18/99: Released on parole. 06/12/99: Parole suspended, warrant issued |

The defendant was represented by the Public Defender Agency. According to the charging document, the burglary was of an inhabited dwelling house and trailer coach, and inhabited portion of a building occupied by the victim. Although NCIC indicates the above warrant for the defendant's arrest was issued on June 12, 1999, after he absconded from supervision, according to the U.S. Probation Office in Los Angeles, Haggen's case was actually transferred to Oklahoma on May 3, 1999. According to the State probation office in California, they continued to have the defendant under supervision.

| 06/22/94 | Theft, 3rd degree (misdemeanor)/Skagway, Alaska | 07/14/94: 180 days jail with 90 suspended, $2000 fine with $1000 suspended, $767 restitution, two years probation. |

No information available.

| 10/23/95 | Disorderly Conduct (misdemeanor) Washougal Municipal Court, Camas, Washington | 12/07/95: 90 days jail iwth 88 suspended, $1000 fine with $750 suspended. 02/28/96: Bench warrant issued, failure to pay fine. 03/03/96: Warrant served, defendant ordered to do two days jail or pay $350. 03/15/96: Case closed (jail time served). |

PS3S · PAGE 6
Derek S. Haggen

No information available.

| 11/05/95 | Failing to Obtain Washington Driver's License (misdemeanor)/Washougal Municipal Court, Camas, Washington | 11/16/95: $100 fine. 02/29/96: Bench warrant, failure to pay. 03/03/96: Warrant served, $200 fine or jail. 03/06/96: Defendant released, $200 paid. |

No information available.

| 11/30/95 | Count 1, DUI, Count 2, Negligent Driving/Washougal Municipal Court, Camas, Washington | 12/21/95: Count 1, 365 days jail with 364 days suspended, $5225 fine with $4400 suspended. 02/29/96: Bench warrant issued, failure to pay or comply. 03/03/96: Warrant served. 03/06/96: $925 fine or jail. 04/19/96: Defendant bailed, $155 paid toward fine. 04/22/96: Case closed. |

No information available.

| 12/26/95 | No Valid Driver's License (misdemeanor)/Washougal Municipal Court, Camas, Washington | Date unknown: Disposition guilty, no other information available. |

No information available.

| 03/15/00 | False Statement to Acquire a Firearm/Department of Justice Bureau of Alcohol, Tobacco, and Firearms (ATF). | 02/13/01: 36 months imprisonment, three years supervised release, $100 special assessment. |

According to the presentence report prepared on January 30, 2001, by Karen Brewer, U.S. Probation officer, on or about September 16, 1999, the defendant completed an ATF Form 4473, Firearms Transaction Record Part 1 - Over-the-Counter, toward the purchase of a rifle at A1 Pawn and Bargain Center in Wasilla, Alaska.

8.    **ASSESSMENT OF NON-APPEARANCE:** Based on the following factors, the defendant is assessed as a risk of non-appearance:

* whereabouts of defendant were unknown (abscond)
* history of absconding
* statement from defendant of thoughts of suicide
* failing to disclose where his whereabouts when directed
* significant criminal history
* drug addiction
* pending criminal charges

PSJS - PAGE 7
Derek S. Haggen

9.    **ASSESSMENT OF DANGER:** Based on the following factors, the defendant is assessed as a risk of danger to the community:

* statement from defendant of thoughts of suicide
* significant criminal history
* continued appearance of criminal behavior

| Pretrial Services Officer | Date | Time |
|---|---|---|
| Toni M. Ostanik | 09/13/2004 | 08:00 a.m. |

# United States District Court

### for the

## DISTRICT OF ALASKA

*Unsealed*

UNDER SEAL

| | |
|---|---|
| UNITED STATES OF AMERICA | Case Number: A00-0044-CR (JWS) |
| vs. | **WARRANT FOR ARREST** |
| Derek Haggen | |

TO:  The United States Marshal
     and any Authorized United States Officer

        YOU ARE HEREBY COMMANDED to arrest Derek Haggen and bring him forthwith to the nearest Magistrate Judge to answer a supervised release violation petition charging him with six violations of his term of supervised release.

Ralph R. Beistline
U.S. District Court Judge

September 13, 2004
Date

---

### RETURN OF SERVICE

This warrant was received and executed with the arrest of the above-named defendant at:

| Date Received: | Name and title of arresting officer: | Signature of arresting officer: |
|---|---|---|
| Date of Arrest: | | |

Case 3:00-cr-00044-JWS-JDR    Document 44    Filed 05/16/2006    Page 3 of 6

*Petition for Warrant*
*Derek Haggen*
*A00-0044-01CR (JWS)*

Respectfully submitted,

*Toni M. Ostanik*

Toni M. Ostanik
U.S. Probation/Pretrial Services Officer
Date: September 10, 2004

Approved by:

*Eric D. Odegard*

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X]    *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    Other:

A00-0044--CR (JWS)                              REDACTED SIGNATURE

M. ROSENBAUM (US ATTY)
US MARSHAL                              Ralph R. Beistline
US PROBATION                           U.S. District Court Judge
JUDGE SEDWICK
MJ Branson                              *September 13, 2004*
08/20/04                                Date

Supervised Release Cases: Pursuant to 18.U.S.C. § 3401(i), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

Probation Cases: Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing only if the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court may not designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
### for the
## DISTRICT OF ALASKA

UNITED STATES OF AMERICA )
)
)                    Case Number: A00-0044-CR (JWS)
)
vs.                 )    DECLARATION IN SUPPORT OF PETITION
)
)
Derek Haggen _____ )

I, Toni M. Ostanik, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Derek Haggen, and in that capacity declare as follows:

On February 13, 2001, the defendant was sentenced by the Honorable John W. Sedwick, Chief U.S. District Court Judge, for his conviction of False Statement to Acquire a Firearm in violation of 18 U.S.C. § 922(a)(6). The defendant was sentenced to 36 months imprisonment and placed on a term of supervised release for three years following the defendant's release from imprisonment. Conditions of supervised release included thirteen standard conditions, and four special conditions to include substance abuse counseling and/or testing, mental health treatment, warrantless search and not to possess any firearms or weapons.

On May 23, 2003, the defendant was released from the Federal Bureau of Prisons and conditions of supervised release were read and explained to the defendant by this officer.

On October 30, 2003, a petition to revoke probation was filed with the U.S. District Court, at which time a warrant was issued for the arrest of the defendant.

On November 26, 2003, the defendant appeared before the Honorable Ralph R. Beistline, U.S. District Court Judge, at which time the defendant's supervised release was revoked and the Court imposed four months imprisonment and placed on a term of supervised release for two years following the defendant's release from imprisonment. The Court additionally modified the original judgment to reflect the defendant serving a four month period at a community correctional center during the defendant's term of supervised release.

On March 8, 2004, the defendant was released from the Federal Bureau of Prisons and on March 10, 2004, the defendant entered the North Star Community Correctional Center.

On July 5, 2004, this officer met with the defendant at North Star Center, at which time conditions of supervised release were reviewed and explained to the defendant. Additionally,

the defendant was instructed to submit urine specimens at the Ralph Perdue Center, as
directed. Furthermore, the defendant was instructed to begin participating in mental health
treatment with Dr. Bottrell.

On July 6, 2004, the defendant was released from North Star Center after serving the Court
ordered four month period. The defendant was placed on random urinalysis monitoring, four
times per month.

On August 9 and August 17, 2004, the defendant failed to report to the Ralph Perdue Center to
submit urinalysis' as previously instructed.

On August 10 and August 23, 2004, the defendant failed to participate in mental health
treatment as directed.

On August 19, 2004, the defendant telephonically contacted this officer and advised that the
defendant had missed two scheduled urinalysis' and was no longer was employed. The
defendant was directed to report to the U.S. Probation Office on August 20, 2004.

On August 20, 2004, the defendant contacted the U.S. Probation Officer and advised that the
defendant had no way of reporting as directed and could not get into town. This officer then
contacted the defendant, in person, at his reported residence. The defendant confirmed to this
officer that the defendant was no longer employed and his last day of employment was August
13, 2004. The defendant was directed to submit a urinalysis that day at the Ralph Perdue
Center. Later this same day, the defendant submitted a urine specimen (#A00105338), which
was tested and results confirmed by Quest Diagnostics, for the presence of marijuana. Quest
Diagnostics submitted a laboratory report which showed quantitative results for marijuana
metabolite from the urine specimen (#A00105338) at 41 ng/mL.

On August 30, 2004, this officer and U.S. probation Officer Pentangelo attempted to contact
the defendant at his reported residence. Both officers contacted one of the defendant's
roommates, Brian Sparry, who stated that the defendant had "split" and that the defendant
took Brian Sparry's dog. Brian Sparry stated he had not seen the defendant since the previous
Thursday (August 26, 2004) and stated he didn't think the defendant was coming back. This
officer inquired if Brian Sparry had an idea of where defendant may have gone and he stated
that there was some talk of defendant traveling to Kenai, but not sure. The whereabouts of the
defendant are unknown.

On September 9, 2004, this officer received a telephone call from Pastor Brian McDonald,
who was calling on behalf of the defendant. Pastor McDonald advised this officer that the
defendant was in his presence and reporting to be suicidal, and the defendant had nothing left
to his name. This officer advised Pastor McDonald that if the defendant is reporting being
suicidal, the defendant should admit himself to the hospital. The defendant then got on the
phone with this officer and stated that he doesn't want to get in trouble, but that nothing is
working out right and the defendant no longer has his truck. This officer advised defendant
that if he had thoughts of suicide to admit himself to the hospital. This officer inquired as to

Case 3:00-cr-00044-JWS-JDR    Document 44    Filed 05/16/2006    Page 6 of 6

where the defendant was calling from and the defendant stated "he couldn't tell me that". The defendant handed the phone back over to Pastor McDonald, and this officer inquired with Pastor McDonald, where he currently serves as pastor. Mr. McDonald stated "I gave my word to Derek that I would not give out that information." The whereabouts of the defendant are still unknown at this time.

Between September 1 and September 5, 2004, the defendant failed to submit a monthly supervision report as directed.

Executed this 10th day of September, 2004, at Fairbanks, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

*Toni M. Ostanik*

Toni M. Ostanik
U.S. Probation Officer

FILED

DEC 0 2 2003

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

# UNITED STATES DISTRICT COURT
## District of Alaska

By _____
PC ___

UNITED STATES OF AMERICA,

vs.

DEREK HAGGEN

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Revocation of Probation or
Supervised Release)
For Offenses Committed On or After
November 1, 1987
**Original Judgment filed 02/13/2001**
Case Number: <u>A00-0044-01CR(JWS)</u>

<u>M.J. HADEN</u>
Defendant's Attorney

Defendant's probation officer filed a petition on ___11/04/2003___ accusing
defendant of _6_ violations of the conditions of supervision provided in
the original judgment. Defendant <u>admitted allegations 1 - 6 of petition.</u>
All necessary hearings have been conducted. The court finds that the
following violations are proved:

| Accusation # | Condition # | Nature of Violation | Date | Grade |
|---|---|---|---|---|
| 1. | Mandatory | positive for marijuana | 08/29/2003 09/18/2003 | C |

### VIOLATIONS 2 - 6 CONTINUED ON PAGE 2

The court finds that defendant's criminal history category is ___V___.

The court concludes that the conditions of supervision set forth in the
court's original judgment are subject to  [_] modification or
[X] revocation pursuant to 18 U.S.C. § 3583(e); and defendant is now
sentenced as provided in pages 2 through_4_ of this amended judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as
amended.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States
Attorney for this district within 30 days of any change of name, residence,
or mailing address until all fines, restitution, costs, and special
assessments imposed by this judgment are fully paid.

Defendant's SSN: ___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___

Defendant's Date of Birth: ___11/02/1967___

Defendant's Mailing Address:
_____
_____

Defendant's Residence Address:
_____
_____

November 25, 2003
Date of Disposition Hearing

_Signature of Judicial Officer_

RALPH R. BEISTLINE, US DISTRICT JUDGE
Name & Title of Judicial Officer

December 1, 2003
Date

Certified to be a true and correct copy
of original filed in my office.
Dated 12/2/03
US PROBATION MICHAEL HALL, Clerk
JUDGE SEDWICK _____ Deputy
MAGISTRATE JUDGE BRANSON

MAILED ON 12/2/03

BY _____

36

A00-0044--CR (JWS)
-----------------------
N. GEDDES (FPD)
N. ROSENBAUM (US-ATTNY)
US MARSHAL

USA v DEREK HAGGEN                              · Amended Judgment   Page 2 of 4
A00-0044-01CR(JWS)

| Accusation # | Condition # | Nature of Violation | Date | Grade |
|---|---|---|---|---|
| 2. | | Special#1 Fail to submit urine test | 08/11/03, 09/10/03, 09/26/03, 10/02/03, 10/10/03, 10/16/03, and 10/22/03, | C |
| 3. | | Special #1 Failed to begin outpatient substance abuse treatment | | C |
| 4. | | Special #2 Failed to report for scheduled mental health counseling sessions as directed on | 06/02/03, 06/11/03, 06/18/03, 08/07/03, 08/19/03, 08/26/03, 09/18/03, and 10/06/03 | C |
| 5. | | Standard #3 Defendant failed to report to the US Probation as directed on | 09/15/03 10/08,03, 10/10/03, 10/20/03, | C |
| 6. | | Standard #2 Defendant failed to submit a monthly supervision report to the probation officer 10/01/03 to 10/05/2003 | | C |



Defendant:  DEREK HAGGEN                      Amended Judgment--Page 3 of 4
Case No.:   A00-0044-01CR(RRB)

## IMPRISONMENT ON REVOCATION OF SUPERVISED RELEASE/PROBATION

Defendant's supervised release [X]  probation [_]  having been revoked,
the defendant is hereby committed to the custody of the United States
Bureau of Prisons to be imprisoned for a term of · 4 MONTHS

[_]  The court makes the following recommendations to the Bureau of
     Prisons:

[X]  The defendant is remanded to the custody of the United States Marshal.
[_]  The defendant shall surrender to the United States Marshal for this
     district,

            [_]    at _____ a.m./ p.m. on _____

[_]  The defendant shall surrender for service of sentence at the
     institution designated by the Bureau of Prisons,
            [_]    before 2 p.m. on _____
_____
            [_]    as notified by the United States Marshal.
            [_]    as notified by the probation office.

                           **RETURN**

     I have executed this judgment as follows:

_____

_____

_____

   Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

                                    _____
                                         United States Marshal

                                    By _____

                                         Deputy Marshal

Defendant: DEREK HAGGEN                              Amended Judgment--Page 4 of 4
Case No.:  A00-0044-01CR(RRB)

## PROBATION/SUPERVISED RELEASE (MODIFIED)

Defendant's supervised release [_] probation[_] is modified as follows:

The term of supervision is not [_] is [X] extended as follows:

Upon release from imprisonment, the defendant shall be on supervised
release for a term of 2 years with the added special condition of release:

5. The defendant shall reside at the North Star Community Correctional
Center (CCC) in Fairbanks, Alaska for a term of not more than 120 days,
shall be eligible for work release, participate in mental health and
substance abuse treatment, shall be eligible to participate in the step
program to include passes and furloughs at the discretion of the CCC
director

Except as hereinabove provided, the standard conditions of supervision and
any special conditions of supervision contained in the court's original
judgment shall remain in effect.

UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE - DISTRICT OF ALASKA

# MEMORANDUM

DATE: November 20, 2003

REPLY TO
ATTN OF: Toni M. Ostanik
U.S. Probation/Pretrial Services Officer

SUBJECT: **HAGGEN, Derek S.**
**A00-0044CR**
**SPECIAL REPORT**
**(INFORMATION FOR DISPOSITION)**

TO: The Honorable Ralph R. Beistline    cc    Mark Rosenbaum, ASUA
U.S. District Court Judge         MJ Haden, Federal Public Defender

Information contained in this memorandum is provided to the Court for informational purposes at the time of disposition.

On February 13, 2003, the defendant was sentenced by the Honorable John W. Sedwick, Chief U.S. District Court Judge, for his conviction of False Statement to Acquire A Firearm in violation of 18 U.S.C. § 922(a)(6). The defendant was sentenced to 36 months imprisonment and placed on a term of supervised release of three years upon the defendant's release from imprisonment. Conditions of supervised release included thirteen standard conditions, and four special conditions to include substance abuse counseling and/or testing, mental health treatment, warrantless search and not to possess any firearms or weapons.

On May 23, 2003, the defendant was released from the Federal Bureau of Prisons and conditions of supervised release were read and explained to the defendant by this officer. The defendant was directed to submit urinalysis' on a random schedule of four per month. Additionally, the defendant was instructed to participate in mental health treatment.

On October 10, 2003, the Honorable John W. Sedwick, Chief U.S. District Court Judge ordered the defendant's conditions of supervised release be modified to include 30-day placement at North Star Center community correctional center, based on issues of noncompliance. The defendant has not satisfied this special condition.

On October 30, 2003, the Honorable John W. Sedwick, Chief U.S. District Court Judge issued a warrant for the defendant's arrest due to the submission of a six-count Petition for Warrant of Offender on Supervised Release. It is alleged in the petition that the defendant tested positive for the presence of marijuana on two separate occasions, failed to comply with drug testing on seven separate occasions, failed to comply with substance abuse counseling, failed to comply with mental health treatment as ordered by the Court, failed to report to the U.S. Probation Office as directed on four separate occasions, and failed to submit a monthly written report as directed in October. The alleged violations are Grade C violations.

1



Special Report (Information for Disposition)
Derek S. Haggen

The defendant's Criminal History Category determined at the time of his original sentencing was a V. Pursuant to U.S.S.G. § 7B1.4(a), the guideline range is **7-13 months imprisonment.**

On November 6, 2003, the defendant was arrested on the outstanding federal warrant.

On November 7, 2003, the defendant appeared before the Honorable Joseph W. Miller, U.S. Magistrate Judge for an Initial Appearance on the petition. The Court found that the defendant was unlikely to abide by any conditions or combination of conditions of release. Additionally, the Court found sufficient probable cause to hold the defendant for a revocation hearing and the defendant remained detained.

The Evidentiary Hearing/Disposition Hearing is scheduled for November 26, 2003, at 1:30 p.m., before the Honorable Ralph R. Beistline, U.S. District Court Judge.

The defendant has been in custody since November 6, 2003 and by November 26, 2003, the time scheduled for Disposition, the defendant will have served approximately 21 days in federal custody.

**CONDUCT OF ALLEGED VIOLATIONS:**

The following information is presented chronologically.

On June 3, 2003, the defendant obtained a mental health evaluation from Dr. Jil Bottrell, PH.D. She diagnosed the defendant with the following disorders: Adjustment Disorder with Anxious Mood and Anti-Social Personality Disorder and recommended the defendant participate in mental health treatment "once every two weeks for four months, and decreasing the frequency of appointments slowly should progress occur as anticipated." On June 2, June 11, and June 18, 2003, the defendant failed to report for scheduled mental health treatment appointments as directed.

On July 7, 2003, during contact with defendant at the U.S. Probation Office, the defendant was verbally reprimanded by this officer for his failure to report for scheduled mental health appointments. The defendant was advised by this officer not to miss any further scheduled mental health appointments.

On August 7, 2003, the defendant failed to report for a mental health appointment at the scheduled time. On August 11, 2003, the defendant failed to report to the Ralph Perdue Center as directed to submit a urine sample. On August 19 and August 26, 2003, the defendant failed to report for scheduled mental health treatment appointments as directed. On August 29, 2003, the defendant submitted a urine sample at the Ralph Perdue Center which tested positive for the presence of marijuana-THC, (specimen number 280405114).

2

Special Report (Information for Disposition)
Derek S. Haggen

On September 10 and September 26, 2003, the defendant failed to report to the Ralph Perdue Center and submit a urine sample as directed. On September 15, 2003, the defendant failed to report to the U.S. Probation Office as directed. On September 18, 2003, the defendant submitted a urine sample at the Ralph Perdue Center which tested positive for the presence of marijuana-THC, (specimen number 280405167). Additionally, on this date, the defendant failed to report for a scheduled mental health treatment appointment. On September 23, 2003, during contact between this officer and the defendant at the U.S. Probation Office, the defendant was advised of the above mentioned violations and instructed to obtain a substance abuse evaluation. On September 24, 2003, the defendant obtained a substance abuse evaluation from Mr. William Watson of the Ralph Perdue Center and the defendant was noted as Cannabis Dependence. The defendant met the ASAM PPC 2-R criteria for Level 1.0 Standard Outpatient Treatment. On September 25, 2003, the defendant was directed by this officer to begin Standard Outpatient Treatment.

Between October 1 and October 5, 2003, the defendant failed to report to the U.S. Probation Office and submit a Monthly Supervision Report as directed. On October 2, October10, October16, and October 22, 2003, the defendant failed to report to the Ralph Perdue Center as directed to submit a urine sample. On October 6, 2003, the defendant failed to report for a scheduled mental health appointment. On October 7, 2003, during a telephone conversation between the defendant and this officer, the defendant advised this officer that he had attempted suicide. This officer instructed the defendant to seek assistance from Fairbanks Memorial Hospital and to report on October 8, 2003, to the U.S. Probation Office if he was not admitted to Fairbanks Memorial Hospital. On October 8, 2003, the defendant failed to report to the U.S. Probation Office as directed. This officer contacted admissions at Fairbanks Memorial Hospital and was advised that the defendant was not admitted to the hospital. This officer attempted to contact the defendant at his reported residence, but was unsuccessful in contacting the defendant. On October 9, 2003, the defendant telephoned this officer, at which time this officer directed the defendant to report on October 10, 2003, to the U.S. Probation Office. On October 10, 2003, this officer received a phone call from Alaska State Trooper Judicial Officer Kevin Blue, who stated that the defendant was a suspect in a sexual assault case and that a Stalking Order needed to be served on the defendant. Additionally, on October 10, 2003, the defendant failed to report to the U.S. Probation Office as directed. Furthermore, on October 10, 2003, the Honorable John W. Sedwick approved the modification of conditions to include placement at North Star Center. On October 17, 2003, this officer went to the defendant's last reported residence and placed a letter of instruction on the door, which instructed the defendant to report to the U.S. Probation Office on October 20, 2003, so that the defendant can be advised of his pending placement at North Star Center. On October 20, 2003, the defendant failed to report to the U.S. Probation Office as directed.

On October 30, 2003, the six-count Petition for Warrant of Offender on Supervised Release was submitted to the Honorable John W. Sedwick, Chief U.S. District Court Judge, and he issued a warrant for the defendant's arrest.

3

Special Report (Information for Disposition)
Derek S. Haggen

On November 5, 2003, the defendant contacted this officer by telephone, and advised this officer "that he had not committed any crimes," and that he was just trying to get things in order as he knew he was in some trouble with the U.S. Probation Office. The defendant advised this officer that he needs just a little bit more time, then he can turn himself in. This officer asked the defendant of his whereabouts, the defendant stated he was out of town, then changed it to North Pole. This officer asked for a specific address and the defendant stated "I can't say." This officer asked for a specific phone number to contact the defendant at, and the defendant stated "I can't say." The defendant stated he would call back later that day, as he was looking to turn himself in. The defendant did not call this officer back on November 5, 2003.

On November 6, 2003, this officer received numerous phone calls from four different individuals who stated the defendant had contacted them on this day, by telephone at their residence, and threatened them. On November 6, 2003, Ms. Melissa Woodcock (nee: Jasper) and Mr. Michael Woodcock contacted this officer and stated the defendant had called them a few minutes prior to calling this officer and the defendant threatened both of them by saying "I hope you are happy now, cause you won't be for long." Mr. and Mrs. Woodcock were neighbors of the defendant and Ms. Woodcock is the alleged victim of the investigated sexual assault case, in which the defendant is the suspect. A few minutes later, the defendant's former landlord, Susan Luckow, called this office from Colorado and stated that the defendant had contacted her a few minutes prior, and that the defendant said, "If she (Susan) has his (the defendant's) truck towed, all of the cabins will be burned down." The landlord owns several cabins in the area of the defendant's last reported residence, which the defendant had been evicted from. Additionally, this officer received a telephone call from a Miss Lydia Angiak, she advised that the defendant has made her feel unsafe in her home as his actions and mannerisms were very "weird." Later on this same date, the defendant was arrested on the outstanding federal warrant.

## POLICY STATEMENTS:

Pursuant to U.S.S.G. § 7B1.3(a)(2), Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision.

Accordingly, U.S.S.G. § 7B1.3(c)(2), Where the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

Pursuant to U.S.S.G. § 7B1.3(c)(3), In the case of a revocation based, at least in part, or a violation of a conditions specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

4



Special Report (Information for Disposition)
Derek S. Haggen

U.S.S.G. § 7B1.3(d), Any restitution, fine, community confinement, home detention, or intermittent
confinement previously imposed in connection with the sentence for which revocation is ordered that remains
unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction
determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of community
confinement, home detention, or intermittent confinement may be converted to an equivalent period of
imprisonment.

Pursuant to U.S.S.G. § 7B1.3(g)(2) and 18 U.S.C. § 3583(h), Where supervised release is revoked and the
term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation,
the court may include a requirement that the defendant be placed on a term of supervised release upon release
from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised
release authorized by statute for the offense that resulted in the original term of supervised release, less any
term of imprisonment that was imposed upon revocation of supervised release.

According to U.S.S.G. § 7B1.4. Application Notes Commentary number five, Upon a finding that a
defendant violated a condition of probation or supervised release by being in possession of a controlled
substance or firearm or by refusing to comply with a condition requiring drug testing, the court is required to
revoke probation or supervised release and impose a sentence that includes a term of imprisonment. 18
U.S.C. §§ 3565(b), 3583(g).

Furthermore, U.S.S.G. § 7B1.4. Application Notes Commentary number six, In the case of a defendant who
fails a drug test, the court shall consider whether the availability of appropriate substance abuse programs, or
a defendant's current or past participation in such programs, warrants an exception from the requirement of
mandatory revocation and imprisonment under 18 U.S.C. §§ 3565(b) and 3583(g). 18 U.S.C. §§ 3563(a),
3583(d).

## OPTIONS FOR THE COURT:

There are two schools of thought when approaching a disposition for this individual. The first option that the
Court may wish to consider is as follows, the defendant's supervised release be revoked, that he serve a term
of imprisonment (low end of the revocation table), and be placed on two years supervised release with a
special condition to serve 120 days at a community correctional center following his release from
imprisonment. This disposition would serve a purpose of issuing a consequence for the violations of his
supervised release, and providing the defendant an opportunity to become engaged in both mental health
treatment and substance abuse treatment for the betterment of the defendant and the community.
Additionally, with the defendant placed back on supervision, the defendant and his behavior in the community
can be monitored for a period of time.

Special Report (Information for Disposition)
Derek S. Haggen

The second option that the Court may wish to consider is that of revoking the defendant's supervised release, imposing the maximum period of imprisonment, with no supervision to follow. If the Court revokes the defendant's supervised release with no supervision to follow, the Court may wish to recommend the defendant's placement in mental health and substance abuse programs offered through Federal Bureau of Prisons.

**SUMMARY:**

**VIOLATION GRADE:**               C
**CRIMINAL HISTORY CATEGORY:**     V
**IMPRISONMENT RANGE:**            7 - 13 MONTHS

If a period of supervised release is reimposed, the probation officer recommends the same conditions as were imposed in the original term, with an added special condition of supervised release, to include, "The defendant shall reside at the North Star Center community correctional center (CCC) in Fairbanks, Alaska, for a term of not more than 120 days, shall be eligible for work release, participate in mental health and substance abuse treatment, shall be eligible to participate in the step program to include passes and furloughs at the discretion of the CCC director", following the defendant's release from imprisonment.

MAY-16-2006 TUE 10:41 AM US PROBATION FAIRBANKS    FAX NO. 9074560203    P. 02
Case 3:05-cr-00044-JWS  Document 48-2    Filed 05/30/2006    Page 32 of 35
CM/ECF District version 2.5 Live - Docket Report                    Page 1 of 4

CLOSED

# U.S. District Court
# District of Alaska (Anchorage)
# CRIMINAL DOCKET FOR CASE #: 3:00-cr-00044-JWS-JDR-ALL
# Internal Use Only

Case title: USA v. Haggen          Date Filed: 03/15/2000

Assigned to: John W.
Sedwick
Referred to: John D. Roberts

**Defendant**

**Derek Haggen** (1)                represented by **Mary C. Geddes**
*TERMINATED: 02/13/2001*            Federal Public Defender's
                                    Agency
                                    601 W. 5th Ave., Suite 800
                                    Anchorage, AK 99501
                                    US
                                    907-646-3400
                                    Fax: 907-646-3408
                                    Email: Mary_Geddes@fd.org

                                    *LEAD ATTORNEY*
                                    *Designation: Public Defender*
                                    *or Community Defender*
                                    *Appointment*

**Pending Counts**                  **Disposition**

18:922(a) FALSE                     36 months Imprisonment; 3
STATEMENT TO                        years Supervised Release;
ACQUIRE A FIREARM                   $100 Special Assessment
(1)

MAY-16-2006 TUE 10:41 AM US PROBATION FAIRBANKS          FAX NO. 9074560293          P. 03
Case 3.00-cr-00044-JWS          Document 45-2          Filed 05/30/2006          Page 33 of 35
CM/ECF District version 2.5 Live DB - Docket Report                                      Page 2 of 4

**Highest Offense Level
(Opening)**
Felony

**Terminated Counts**                            **Disposition**
None

**Highest Offense Level
(Terminated)**
None

**Complaints**                                    **Disposition**
None

**Plaintiff**
**USA**                            represented by **Deborah M. Smith**
                                   U.S. Attorney's Office (Anch)

                                   Anchorage
                                   222 West 7th Avenue, #9
                                   Anchorage, AK 99513
                                   US
                                   907-271-5071
                                   Fax: 907-271-4201
                                   Email: usaak.ecf@usdoj.gov
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE*
                                   *NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/15/2000 | o | All future filings will be in the CM/ECF System. All |

|  |  |  |
|---|---|---|
|  |  | documents filed prior to January 3, 2006, are available for review at the Clerk's Office.(LSC, ) (Entered: 01/29/2006) |
| 03/15/2000 | ●1 | Data Entry for Conversion; Indictment/count entered (LSC) (Entered: 01/29/2006) |
| 03/15/2000 | ●43 | Copy of ACMS docket. Click on the hyperlink to access docket entries 1-43 from prior ACMS system. (LSC) (Entered: 01/29/2006) |
| 03/15/2000 |  | ***Procedural Interval start as to Derek Haggen (LSC, ) (Entered: 01/29/2006) |
| 03/15/2000 |  | ***Procedural Interval start as to Derek Haggen (LSC, ) (Entered: 01/29/2006) |
| 02/13/2001 |  | ***Procedural Interval start as to Derek Haggen (LSC, ) (Entered: 01/29/2006) |
| 02/13/2001 |  | ***JS-3 Closing Information (LSC) (Entered: 01/29/2006) |
| 02/13/2001 |  | ***Procedural Interval start as to Derek Haggen (LSC, ) (Entered: 01/29/2006) |
| 02/13/2001 |  | ***Set Closed Flag as to Derek Haggen (LSC) (Entered: 01/29/2006) |
| 02/13/2001 | ●19 | JUDGMENT as to Derek Haggen (1), Count(s) 1, 36 months Imprisonment; 3 years Supervised Release; $100 Special Assessment Signed by Judge John W. Sedwick on 2/13/01. (LSC) (Entered: 01/29/2006) |
| 02/13/2001 |  | ***Procedural Interval start as to Derek Haggen (DPM, ) (Entered: 01/30/2006) |
| 09/13/2004 |  | ***Sealed Arrest Warrant Issued by John D. Roberts in case as to Derek Haggen. (LSC, ) (Entered: 01/29/2006) |
| 09/13/2004 |  | ***Location start as to Derek Haggen (LSC, ) (Entered: 01/29/2006) |
|  |  |  |

| | | |
|---|---|---|
| 09/13/2004 | | ***Set MJ CMC Pull as to Derek Haggen: def arrested on prob pet? CMC to check status 9/24/2006. (PRR) (Entered: 02/11/2006) |
| 09/20/2004 | | ***Procedural Interval start as to Derek Haggen (LSC, ) (Entered: 01/29/2006) |
| 09/20/2004 | 42 | SEALED ORDER & Petition for Probation Violation as to Derek Haggen Signed by Judge Ralph R. Beistline on 9/20/04. (LSC) (Entered: 01/29/2006) |
| 09/20/2004 | | ***Procedural Interval start as to Derek Haggen (DPM, ) (Entered: 01/30/2006) |
| 05/16/2006 | ●44 | Notice of Arrest of Derek Haggen defendant arrested 5/13/2006 in Kansas, City MO. (Attachments: # 1 UNSEALED copy of 9/20/2004 Petition & Order filed at dkt 42)(DPM, ) (Entered: 05/16/2006) |
| 05/16/2006 | | ***Copy of 44 Notice of Arrest mailed to USA on 5/16/2006. (DPM, ) (Entered: 05/16/2006) |
| 05/16/2006 | | ***Set MJ CMC Pull as to Derek Haggen 6/12/2006: def arrested 5/15/2006 in Kansas City, MO; awaiting USM to transport def to AK. (DPM, ) (Entered: 05/16/2006) |